**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, solely in its capacities as Trustees,<br><br>*Plaintiffs*,<br><br>v.<br><br>DISH DBS CORPORATION, DISH NETWORK L.L.C., ECHOSTAR INTERCOMPANY RECEIVABLE COMPANY, L.L.C., DISH DBS ISSUER, L.L.C., and DBS INTERCOMPANY RECEIVABLE L.L.C.,<br><br>*Defendants*. | No. 1:24-cv-3646<br><br><u>Removed From</u>:<br>Supreme Court of the State<br>of New York,<br>New York County<br>Index No. 652184/2024 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants DISH DBS Corporation ("DBS"), DISH Network L.L.C. ("DISH Network"), EchoStar Intercompany Receivable Company L.L.C. ("SATS Receivable"), DISH DBS Issuer L.L.C. ("DBS Issuer"), and DBS Intercompany Receivable L.L.C. ("DBS Receivable" and, collectively, "Defendants") hereby remove this civil action filed by Plaintiff U.S. Bank Trust Company, National Association, in its capacity as Trustee ("Plaintiff" or the "Trustee") in the Supreme Court of the State of New York, New York County, Index No. 652184/2024, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.  Removal is appropriate under 28 U.S.C § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the alleged amount in controversy exceeds $75,000.00.

### FACTUAL BACKGROUND

1.  On April 26, 2024, the Trustee filed a complaint in the Supreme Court of the State of New York, County of New York, in a case styled as *U.S. Bank Trust Company, National*

*Association, in its capacities as Trustees v. DISH DBS Corporation, DISH Network L.L.C., EchoStar Intercompany Receivable Company L.L.C., DISH DBS Issuer L.L.C., and DBS Intercompany Receivable L.L.C.*, Index No. 652184/2024 (the "State Court Action"). True and correct copies of the docket sheet and the complaint (the "Complaint") are attached hereto as **Exhibits A** and **B**, respectively.

2. Defendants accepted service of the summons (the "Summons") and Complaint pursuant to a stipulation dated May 1, 2024 (the "Stipulation"). True and correct copies of the Summons and Stipulation are attached hereto as **Exhibits C** and **D**, respectively.

3. The Complaint alleges that Trustee's principal place of business is in Portland, Oregon, and the Trustee "appears in this action solely in its capacity as Trustee under [the relevant bond indentures]." *See* Ex. B, Compl. ¶ 11. Therefore, Plaintiff is a citizen of Oregon for purposes of diversity jurisdiction. *See Wachovia Bank, Nat'l Ass'n v. Schmidt*, 546 U.S. 303, 306 (2006) (holding "that a national bank ... is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

4. Defendant DBS is a registered corporation incorporated under the laws of Colorado, and has its principal place of business in Colorado. *See* Ex. B, Compl. ¶ 12.

5. Defendant SATS Receivable is a limited liability company organized under the laws of, and with its principal offices in, Colorado. *See id.* ¶ 13. SATS Receivable is a single member LLC. The single member is non-party EchoStar Corporation, which is incorporated under the laws of Nevada and has its principal place of business in Colorado.

6. Defendant DISH Network is a limited liability company organized under the laws of, and with its principal place of business in, Colorado. *See id.* ¶ 14. DISH Network is a single member LLC. The single member is Defendant DBS.

7. Defendant DBS Issuer is a limited liability company organized under the laws of Delaware, and with its principal place of business in, Colorado. *See id.* ¶ 15. DBS Issuer is a single member LLC. The single member is Defendant DISH Network.

8. Defendant DBS Receivable is a limited liability company organized under the laws of, and with its principal place of business in, Colorado. *See id.* ¶ 16. DBS Receivable is a single member LLC. The single member is Defendant DBS.

## THE TRUSTEE'S ALLEGATIONS

9. The Complaint asserts five causes of action against Defendants: (1) declaratory judgment under New York's CPLR 3001 (against DBS only); (2) fraudulent transfer under section 105(1)(a) of Colorado's Uniform Fraudulent Transfer Act ("CUFTA") (against DBS, SATS Receivable, and DBS Receivable only); (3) fraudulent transfer under section 105(b)(1) and 106(1) of CUFTA (against DBS, SATS Receivable, and DBS Receivable only); (4) fraudulent transfer under section 105(1)(a) of CUFTA (DBS, DISH Network, and DBS Issuer only); and (5) fraudulent transfer under section 105(b)(1) and 106(1) of CUFTA (DBS, DISH Network, and DBS Issuer only).

10. All five causes of action alleged in the Complaint are premised on alleged breaches of certain bond indentures (the "Indentures"), which according to the Complaint, should result in the unwinding of the Transactions, as well as injunctive relief barring any future intercompany asset transactions, monetary damages, pre- and post-judgment interest, and attorneys' fees. *See id.* ¶¶ 155–63.

## REMOVAL IS TIMELY

11. Defendants, which are non-New York domiciled entities, were served with a copy of the Trustee's Complaint through counsel on May 1, 2024, as memorialized in the Stipulation. *See generally* Ex. D. Removal, therefore, is timely through May 31, 2024. *See* 28 U.S.C.

§ 1446(b); *see also, e.g.*, *Mogul v. New York Pub. Radio*, No. 21-cv-5882, 2022 WL 814356, at *4 (S.D.N.Y. Mar. 17, 2022) (holding that the thirty-day clock for removal is not triggered until defendant is formally served).

## REMOVAL IS APPROPRIATE BASED ON DIVERSITY JURISDICTION

12. Removal is appropriate pursuant to 28 U.S.C. §§ 1332 and 1441 because: (i) there is complete diversity of citizenship between the parties; and (ii) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

### A. There Is Complete Diversity Between The Parties

13. In the State Court Action, the Trustee alleges that it is a national banking association and has filed this lawsuit solely in its capacity as Trustee under the Indentures. Ex. B, Compl. ¶ 11. Under the terms of the Indentures and as demonstrated by the act of filing this lawsuit, the Trustee possesses the customary powers establishing that it is the "real and substantial" party to the controversy. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) ("[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others."). Therefore, the Trustee's citizenship is the sole inquiry for purposes of diversity jurisdiction. *See Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 US 378, 383 (2016) (holding that "when a trustee files a lawsuit[,] ... her citizenship is all that matters for diversity purposes.").

14. The Complaint alleges that the Trustee's principal place of business is in Portland, Oregon. *See* Ex. B, Compl. ¶ 11. Additionally, public records available for the Trustee indicate that its principal place of business and its main office are the same, or in any event, are both located in Oregon. Plaintiff, therefore, is a citizen of Oregon for purposes of diversity jurisdiction. *Wachovia Bank*, 546 U.S. at 318 (finding that a national bank is a considered a citizen of the state where its main offices are located, as designated in its articles of association).

15. Corporations are deemed to be citizens of both (i) the state where they are incorporated, and (ii) the state where they maintain their principal place of business. 28 U.S.C. § 1332(c)(1). As addressed above, Defendant DBS is a citizen of Colorado. *See* ¶ 4, *supra*.

16. Limited liability companies take the citizenship of each member. *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Defendants SATS Receivable, DISH Network, DBS Issuer, and DBS Receivable are all single-member, limited liability companies organized under the laws of Colorado; their respective members (and, where applicable, the members of their members, etc.) are organized under the laws of Colorado, Delaware and/or Nevada; and each of the foregoing has its principal place of business in Colorado. *See* ¶¶ 4–8, *supra*. Therefore, for purposes of diversity jurisdiction, the defendants are citizens of Colorado, Delaware and Nevada.

17. Complete diversity of citizenship exists between Plaintiff and Defendants.

**B.     The Amount In Controversy Exceeds $75,000.00**

18. Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint. Nevertheless, the Complaint seeks more than $75,000.00 in damages. The Trustee purports to represent bondholders holding $6.5 billion aggregate principal amount of certain outstanding DBS bonds, seeks to unwind a multi-billion dollar transaction, and seeks a "money judgment" in the event "unwinding the [Transactions] does not fully compensate" these bondholders on the multibillion dollar claims. Ex. B, Compl. 1, ¶¶ 11, 28–29, 157–58. In addition, the Complaint seeks "pre- and post-judgment interest" and "attorney's fees." *Id.* ¶¶ 162–63; *cf. Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84, 88 (2014) (alleged amount in controversy need only be "plausible" to satisfy the $75,000 requirement) (citing 28 U.S.C. §§ 1446(c)(2)(A), (B)).

### C.     Defendants' Notice Of Removal Satisfies All Procedural Requirements

19.     This Notice was properly filed in the United States District Court for the Southern District of New York, because the Supreme Court of the State of New York, County of New York, the forum in which the original action was filed and is pending, is located in this federal judicial district.  *See* 28 U.S.C. §§ 112(b); §§ 1441(a); 1446(a).

20.     This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See id.* § 1446(a).  Concurrent with the filing of this Notice, Defendants will file a copy of the Notice with the Clerk of the Supreme Court of the State of New York, New York County (the "State Court Notice"), and will serve a copy on counsel for the Plaintiff.  *See id.* § 1446(d).  A true and correct copy of the State Court Notice that will be filed with the Clerk of the Supreme Court of the State of New York is attached hereto as **Exhibit E**.

21.     The sole order entered in the State Court Action pertains to a forthcoming scheduling conference (the "Order"); *see also* 28 U.S.C. § 1446(a).  A true and correct copy of the Order is attached hereto as **Exhibit F**.

22.     Defendants reserve the right to amend or supplement this Notice.  Defendants do not admit any of the allegations made in the State Court Action.  Defendants further reserve all rights and defenses, including but not limited to those available under the Federal Rules of Civil Procedure, the Local Rules for the Southern District of New York, or any other rule or law, including applicable state court rules and/or law(s).  Defendants reserve the right to challenge the exercise of jurisdiction in New York for the claims asserted in this action.

23.     Defendants have not filed an answer or other response to the Complaint in the State Court Action and are not aware of any pending motions in that court.

24.     The State Court Action has not previously been removed to federal court.

## CONCLUSION

25. WHEREFORE, Defendants respectfully request that this Court exercise jurisdiction over this action and enter any and all orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Supreme Court of New York for the County of New York, and that this Court grant such other relief as the Court deems appropriate.

Dated: May 13, 2024
New York, N.Y.

Respectfully submitted,

*/s/ Glenn M. Kurtz*

Glenn M. Kurtz
Joshua D. Weedman
Dorian K. Panchyson

WHITE & CASE LLP
1221 Avenue of the Americas
New York, N.Y. 10020-1095
T: (212) 819-8200
E: gkurtz@whitecase.com

*Attorneys for Defendants*