# Exhibit A

**Exhibit A**

| Date | Summary of the Parties' Negotiations of the ESI Stipulation |
|---|---|
| 8/22/24 | Defendants' counsel shares an initial draft of the ESI Protocol, which excludes the requirement to produce instant messages. |
| 9/6/24 | Plaintiffs' counsel shares an updated draft, deleting "instant messaging" from the items to be excluded in discovery contained in Section 3(d), and adding in confirmatory language to delineate the scope of obligations:<br><br>~~x. voice messages;~~<br>~~xi. video and audio recordings;~~<br>~~xii. instant messaging~~; and<br>xiii. ~~duplicative~~ information from mobile devices, handsets, personal digital assistants, and tablets that is duplicative of information that is more accessible elsewhere. For the avoidance of doubt, mobile devices, handsets, personal digital assistants, tablets, and other similar devices must be collected, searched, reviewed, and/or produced to the extent they contain non-duplicative information such as text messages, instant messages, and other potentially relevant information. |
| 9/25/24 | Defendants' counsel shares an updated draft, which does not modify the language concerning the text messages. |
| 9/26/24 (4:02pm) | Plaintiffs' counsel responds with a nearly form agreed draft (that includes the confirmatory language), with the only remaining open issue being the temporal limitation to preserve ESI. |
| 9/26/24 (5:15pm) | Defendants' counsel replies with a revised version, which includes client comments, deleting the confirmatory language added in the September 6, 2024 draft:<br><br>xiii. ~~duplicative~~ information from mobile devices, handsets, personal digital assistants, and tablets that is duplicative of information that is more accessible elsewhere. ~~For the avoidance of doubt, mobile devices, handsets, personal digital assistants, tablets, and other similar devices must be collected, searched, reviewed, and/or produced to the extent they contain non-duplicative information such as text messages, instant messages, and other potentially relevant information.~~ |
| 9/26/24 (7:12pm) | Plaintiffs' counsel proposes what becomes the execution version with updated language in Section 3(d), which makes clear what the obligations are with respect to instant messages and text messages:<br><br>xiii. information from mobile devices, handsets, personal digital assistants, and tablets that is identical to information that is more accessible elsewhere. For the avoidance of doubt, mobile devices, handsets, personal digital assistants, tablets, and other similar devices are to be preserved, and to the extent these devices contain responsive information, *e.g.*, text messages, instant messages, and other potentially responsive information, this information will be collected, searched, reviewed, and/or produced, as appropriate and in accordance with this ESI Protocol.<br><br>In the cover email, Plaintiffs' counsel states:<br>"While the parties do not need to produce duplicative (i.e., identical) information that is stored on more than one device, that information (e.g., the text message, instant message, etc.) must be preserved and collected, searched, reviewed, and/or produced.<br>For example, if a text message is stored on an iPhone and an Apple Watch, the text message only needs to be preserved, collected, etc. from the iPhone. But if there is a text message that is only stored on a particular device, it must be preserved, collected, etc. In other words, all potentially discoverable information must be preserved, but to the extent the same identical documents, communications, text messages, etc. are stored on more than one device, the document, communication, text message only needs to be produced once." |
| 9/26/24 (7:32pm) | Defendants' counsel writes in response: "This works, thank you." |