# Exhibit 1

**Volpe, Chris**

| | |
|---|---|
| **From:** | Volpe, Chris |
| **Sent:** | Thursday, March 27, 2025 2:21 PM |
| **To:** | 'Marsters, Robert'; Kurtz, Glenn; Weedman, Joshua; Radek, Mariel; Mullaney, Thomas (External); Kagay, Sally |
| **Cc:** | Leblanc, Andrew; Vora, Samir; Paperny, Jordyn; Frieda, Mike |
| **Subject:** | RE: US Bank Trust Co. v. DISH DBS Corp. et al., Case No. 24-cv-03646 |

Robert,

We write in response to your proposal below.

    I.        <u>Letters and Schedule</u>

Defendants agree to two different letters: one concerning the dispute between the Defendants and Bondholders, and one concerning any live disputes between Plaintiffs and Defendants. However, as discussed in more detail below, we believe that most, if not all, of the issues that you have identified are not ripe for judicial resolution. As a courtesy, Defendants are willing to wait until Tuesday next week to file the letter concerning the discovery dispute with the Bondholders, but we cannot wait indefinitely to see whether new disputes ripen between the parties over the next days or weeks. Accordingly, please provide the Bondholders' position by Tuesday at noon Eastern Time.

    II.       <u>Plaintiffs' Discovery Issues</u>

The specific topics that you identified in your email are either not ripe for a motion to compel or not genuinely in dispute.

- <u>First</u>, Plaintiffs emailed Defendants on Friday afternoon challenging the assertion of privilege over certain documents. That was only three business days ago. Defendants are reviewing Plaintiffs' claims and will respond to them under separate cover. To the extent there is still a dispute between the parties following Defendants' response, we can schedule a time to meet and confer, as is required by the Court's rules before any letter motion raising a discovery dispute.

- <u>Second</u>, as you have seen from Defendants' productions, Defendants have not produced any board minutes (or any other document) with redactions other than those relating to privilege or PII. Consequently, there is no actual dispute between the parties.

- <u>Third</u>, your assertion that you have not received any documents from White & Case and Houlihan Lokey is premature and about to be moot. As you know, both White & Case and Houlihan Lokey are non-parties to this action and, therefore, are not subject to the party document discovery deadline. Nevertheless, Houlihan Lokey will be substantially complete with its document production this week, and White & Case expects to be able to substantially complete its production within the next week or two.

- <u>Fourth</u>, your assertion that Defendants "previously agreed" to produce text messages or Slack messages is incorrect. Neither DISH nor EchoStar use Slack messages as an approved means of communication. In any case, Defendants have expended significant time and resources reviewing **hundreds of thousands** of documents in response to Plaintiffs' document requests. Defendants do not believe that the cost and burden associated with the collection and review of its custodians' text messages or similar communications would be proportionate to the needs of the case, particularly given the strong likelihood that those messages are merely logistical in nature or would be duplicative of other information that

1

Plaintiffs have already received. Notwithstanding the above, Defendants are willing to collect and review messages from Google Chat and Microsoft Teams Chat from the agreed upon custodians for the relevant period (providing there are reciprocal searches conducted by the Bondholders and Plaintiffs).

- <u>Fifth</u>, your claim that Defendants have failed to provide board minutes from meetings of DBS's board of directors is incorrect. We have produced board minutes from as early as April 2023, and those materials would include minutes from any independent or joint DBS board meetings.

We have also reviewed the search terms that you provided last week in connection with Plaintiffs' third set of requests for production. It is clear from even a cursory review that those search terms are facially overbroad. The hit report generated more than 109,000 additional documents when accounting for document families. That is not reasonable at this late stage, particularly considering that Defendants have already been reviewing and producing documents relating to the topics alleged in the Second Amended Complaint and Plaintiffs' Third Set of Requests for Production. As importantly, Defendants believe that the issues raised in third requests for production are thoroughly covered by the existing searches and productions made by Defendants. However, if Plaintiffs would like to significantly narrow the scope of their proposed search terms, we would be willing to generate a new hit report in response to the revised terms. We would also like to understand how Plaintiffs anticipate this will affect the overall schedule.

Finally, regarding Plaintiffs' productions:

1. Please confirm whether Plaintiffs view their productions as substantially complete at this time;

2. In light of the Bondholders' refusal to produce documents in response to the subpoenas directed to them, please confirm (a) whether Plaintiffs continue to maintain that they do not have possession, custody or control over materials in the Bondholders' possession, and (b) whether Plaintiffs intend to produce the documents requested in the subpoenas to the Bondholders on their behalf. Assuming Plaintiffs continue to assert that they do not have custody over materials in the Bondholders' possession, despite the fact that the Bondholders are directing this litigation, we intend to raise this issue with the Court in our forthcoming letter.

3. Please confirm that you have run the additional search terms provided by Defendants and confirm that you will review any documents that hit upon those search terms.

Best regards,
Chris

**Chris Volpe** | Associate
**T** +1 212 819 7897    **M** +1 917 275 5046    **E** chris.volpe@whitecase.com
White & Case LLP  |  1221 Avenue of the Americas | New York, NY 10020-1095

---

**From:** Marsters, Robert <RMarsters@milbank.com>
**Sent:** Monday, March 24, 2025 11:27 PM
**To:** Volpe, Chris <chris.volpe@whitecase.com>; Kurtz, Glenn <gkurtz@whitecase.com>; Weedman, Joshua <jweedman@whitecase.com>; Radek, Mariel <mariel.radek@whitecase.com>; Mullaney, Thomas (External) <tmm@mullaw.org>
**Cc:** Leblanc, Andrew <ALeblanc@milbank.com>; Vora, Samir <SVora@milbank.com>; Paperny, Jordyn <jpaperny@milbank.com>; Frieda, Mike <mfrieda@milbank.com>
**Subject:** [EXT] US Bank Trust Co. v. DISH DBS Corp. et al., Case No. 24-cv-03646

White & Case team,

We received the attached request from your co-counsel today. On behalf of the various non-party bondholders that you have served requests, we will participate in the joint discovery letter.

On behalf of the Plaintiffs, we believe that there are likely several other discovery disputes that are arising in this action. To be judicious and efficient with the Court's time, we would propose the following:

1. **Letters.**
    a. We believe it makes sense to file two joint letters contemporaneously. As your co-counsel has requested, the first letter will be between the Defendants and the bondholders. The second letter will address the disputes between the Plaintiffs and the Defendants. This will allow each party and non-party ample room to state its position and frame the issues for the court. Both letters would also request a conference with the Court to discuss these issues with the Court.

2. **Scope.**
    a. There are several key discovery issues relating to Defendants' productions (including productions from their affiliates and advisors) that Plaintiffs have identified. Unless Plaintiffs and Defendants can agree on a consensual path forward, these issues would benefit from the Court's involvement.  These issues include (but are not limited to):
        i. The Defendants' assertions of privilege over redacted and/or withheld documents.
        ii. The Defendants' (proposed) position that they may redact their board minutes and other documents for non-privileged, sensitive business information.
        iii. The Defendants' (apparent) failure to provide documents from White & Case and Houlihan custodians, which they previously agreed to provide.
        iv. The Defendants' (apparent) failure to collect ESI from their custodians, including text messages, slack messages, and similar sources of ESI, which they previously agreed to search and produce.
        v. The Defendants' (apparent) failure to provide *any* board minutes from meetings of DBS's board of directors.
    b. Several of these issues may be consensually resolved, but we believe we should be putting all these discovery issues in front of the Court at the same time as the bondholder discovery dispute.
        i. Further, following our meet and confer, Defendants have not made their position clear in connection with Plaintiffs' proposed search terms and custodians in connection with its third set of RFPs that were served on January 30.
    c. We should also cover any issues that Defendants have with Plaintiffs' productions so far.

3. **Schedule.**
    a. We believe that the letters should be filed with the court no earlier than next week. Following the meet and confer last Friday, Defendants had several items to "take back" and let us know their position on such matters. Defendants have not yet done so. When Defendants clarify their position on those matters, we may need to present them to the Court to determine the path forward.

Happy to meet and confer further on these issues.

Best regards,

Robert

3

Robert Marsters | Milbank | Associate
1850 K Street, NW, Suite 1100 | Washington D.C. 20006
T: +1 202.835.7563
rmarsters@milbank.com | milbank.com

====================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.
====================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.